**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4537

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CONNOR DANIEL RUSHING,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:19-cr-00460-FL-1)

Submitted:  February 27, 2024                    Decided:  February 29, 2024

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

**ON BRIEF:**  Jorgelina E. Araneda, ARANEDA & STROUD LAW GROUP, Raleigh, North Carolina, for Appellant.  David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Connor Daniel Rushing pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846; possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). The district court sentenced Rushing to 180 months' imprisonment followed by five years of supervised release. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether trial counsel provided ineffective assistance and whether Rushing's sentence is reasonable. Although notified of his right to do so, Rushing has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as untimely and as barred by the appellate waiver in Rushing's plea agreement. In response, Rushing contends that the untimeliness of his appeal should be excused in light of the COVID-19 pandemic and trial counsel's ineffective assistance.

In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). With or without a motion, upon a showing of excusable neglect or good cause, the district court may grant an extension of up to 30 days to file a notice of appeal. Fed. R. App. P. 4(b)(4). Although the appeal period in a criminal case is not a jurisdictional provision, but rather a claim-processing rule, *see United States v. Urutyan*, 564 F.3d 679, 685 (4th Cir. 2009), "[w]hen the Government

2

promptly invokes the rule in response to a late-filed criminal appeal, we must dismiss," *United States v. Oliver*, 878 F.3d 120, 123 (4th Cir. 2017). "[W]e must strictly apply Rule 4(b)'s deadline" as it is "not susceptible to equitable approaches, like equitable tolling, that otherwise might forgive a late filing." *United States v. Marsh*, 944 F.3d 524, 530 (4th Cir. 2019) (cleaned up).

The district court entered judgment on April 26, 2021. Rushing filed the notice of appeal on August 12, 2023.[1] Rushing failed to file a timely notice of appeal or to obtain an extension of the appeal period, and the Government has promptly invoked the appeal's untimeliness, *see* 4th Cir. R. 27(f)(2). We therefore grant the Government's motion to dismiss the appeal.[2] *See Marsh*, 944 F.3d at 529-31.

This court requires that counsel inform Rushing, in writing, of the right to petition the Supreme Court of the United States for further review. If Rushing requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Rushing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Rushing could have delivered the notice to prison officials for mailing to the court. Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Because we conclude that the appeal is untimely, we need not consider whether this appeal is barred by the appellate waiver in Rushing's plea agreement.

3